**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DARNELL ALEXANDER, | ) | CASE NO. 1:26-CV-00145-BMB |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | UNITED STATES DISTRICT JUDGE |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| STATE OF OHIO, WARDEN LISA | ) | |
| STENSETH, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants, | ) | |
| | ) | |

## I.      Introduction

Petitioner Darnell Alexander ("Petitioner") seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 1985 Cuyahoga County convictions for rape, for which he is serving a life sentence.  This matter was referred to the undersigned under Local Rule 72.2 to prepare a report and recommendation on Petitioner's petition.  For the reasons set forth below, the undersigned recommends that the Court TRANSFER the Petition to the Sixth Circuit Court of Appeals.

## II.      Procedural Background[1]

Petitioner represents that after being indicted in Cuyahoga County in 1985, he was convicted after trial of first-degree sexual assault under Ohio Revised Code § 2907.02.  (ECF No. 1 at 3).  Petitioner appealed his convictions and sought state post-conviction relief before filing a federal habeas petition in this District in 1994.  (*Id.*; *see* ECF No. 5-2, PageID #: 61-70).  The

---

[1] The facts underlying Petitioner's conviction are not relevant to the jurisdictional issues addressed in this report and recommendation.

Court determined the 1994 Petition was procedurally defaulted and denied any relief. (*See* ECF No. 5-2, PageID #: 257-64).

On or about January 20, 2026, Petitioner filed the instant petition, challenging the same 1985 conviction. (ECF No. 1). Petitioner asserts eight grounds for relief: (1) ineffective assistance of counsel; (2) insufficient evidence; (3) violation of due process; (4) miscarriage of justice/actual innocence; (5) Sixth Amendment violations; (6) Fifth Amendment violations; (7) prosecutorial misconduct; and (8) forensic evidence. (*Id.* at 5-7). Petitioner argues that his appellate counsel's ineffectiveness and misconduct should excuse any procedural default, and the Court should render a decision on the merits. (*See generally id.*).

After the undersigned ordered Respondents[2] to file an answer to the petition, Respondent State of Ohio ("State") filed a motion for leave to file a motion to transfer the petition to the Sixth Circuit based on it being a second or successive petition. (ECF No. 5 ("Leave Motion")). Attached to the Leave Motion are (1) the State's proposed motion to transfer, and (2) a "State Court Record" consisting of documents filed in Petitioner's previous federal case, *Alexander v. Baker*, No. 1:93-cv-02425-SO. (ECF Nos. 5-1, 5-2).

### III.   Law and Analysis

#### A.  Habeas Jurisdiction

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009); *see In re Lee*, 880 F.3d 242, 243 (6th Cir. 2018) (applying rule that federal courts "can—and must—determine whether [they] have subject-

---

[2] Respondent Lisa Stenseth is the warden of the Minnesota institution where Petitioner is housed pursuit to an agreement between Minnesota and Ohio but she "take[s] no position on the merits of [Petitioner's] § 2254 habeas petition." (ECF No. 4).

matter jurisdiction over a case before proceeding at all" in the habeas context). Under 28 U.S.C. § 2254, a state prisoner may seek federal habeas corpus relief "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Habeas petitioners are generally entitled to one fair opportunity to litigate the merits of their postconviction claims in federal court." *Rivers v. Guerrero*, 605 U.S. 443, 450 (2025). However, "[w]hen a person seeks to bring a subsequent federal habeas challenge to his detention, 'the road gets rockier.'" *Id.*

The requirements for filing a second or successive habeas petition are set out in 28 U.S.C. § 2244(b). Of relevance here, "[b]efore a second or successive application … is filed in the district court, the applicant *shall* move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added). Thus, "a petitioner cannot bring a second or successive habeas application directly to the district court. Instead, he must first go to the court of appeals and make a 'prima facie showing' that the petition satisfies one of [28 U.S.C.] § 2244(b)(2)'s exceptions, and *that* court has to grant authorization for the petitioner to proceed in the district court." *Rivers*, 605 U.S. at 450. In other words, "federal district courts lack jurisdiction to consider second or successive habeas petitions without preauthorization from the relevant Court of Appeals." *Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016); *see Avery v. United States*, 770 F. App'x 741, 743 (6th Cir. 2019) ("[B]oth the Supreme Court and [the Sixth Circuit] describe § 2244(b) as jurisdictional.") (collecting cases). Under Sixth Circuit precedent, when a petitioner files a second or successive petition in the district court without authorization, "the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Here, Petitioner is clearly challenging the same convictions he previously challenged in the 1994 Petition such that the instant petition is clearly second in time. (*Compare* ECF No. 1 *with* ECF No. 5-2, PageID #: 61-70). But such "is not necessarily determinative of whether the current attempt is a 'second or successive' application" for purposes of § 2244(b). *In re Cook*, 215 F.3d 606, 607 (6th Cir. 2000). Generally, if the initial petition was dismissed without an adjudication on the merits, a later filed petition is not second or successive for purposes of § 2244(b). *See Slack v. McDaniel*, 529 U.S. 473, 489 (2000). However, Petitioner's April 1994 petition was dismissed after the Court concluded his claims were procedurally defaulted and Petitioner failed to show cause and prejudice to overcome the default. (ECF No. 5-2 at PageID #: 257-64). Where a petitioner's "initial § 2254 application was dismissed for unexcused procedural default and was therefore 'on the merits," a later filed application is second or successive such that authorization to file such must be obtained from the appellate court. *In re Cook*, 215 F.3d at 608.

Because Petitioner has filed a second or successive petition, he must obtain authorization from the Court of Appeals to proceed. He has not done so. Accordingly, it is recommended that the Court transfer the petition to the Sixth Circuit.

### B. Respondent's Motion for Leave

Based on the undersigned's determination that the Court lacks jurisdiction over the petition and corresponding recommendation that the Court transfer the petition to the Sixth Circuit, the State's motion for leave to file a motion seeking such a transfer is moot. Thus, the State's motion is properly denied and the State's deadline to respond to the petition is stayed pending further order by the undersigned.

## IV. Order and Recommendation

In accordance with the above, the State's motion for leave, ECF No. 5, is DENIED as moot.

Further, the previously set deadline for the State to respond to the petition, *see* ECF No. 2, is stayed

pending further order of the Court.

Because the Court lacks jurisdiction to consider Petitioner's second or successive habeas

petition, I recommend that the Court transfer the petition to the Sixth Circuit Court of Appeals

pursuant to 28 U.S.C. § 1631.

Dated: March 25, 2026

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).